UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SCHARLA H. MARTIN                         CIVIL ACTION NO. 06-1349

VERSUS                                    **REFERRED TO:**

U.S. COMMISSIONER SOCIAL                  **MAGISTRATE JUDGE HORNSBY**
SECURITY

**MEMORANDUM RULING**

Scharla Martin ("Plaintiff") applied for disability benefits based on a number of health problems including fibromyalgia, sleep apnea, neck injury, irritable bowel syndrome, allergies, nerves and depression. Plaintiff was 41 years old at the time of her hearing before ALJ W. Thomas Bundy. She has past work experience that includes employment as an office manager, accounting clerk and insurance sales agent.

The ALJ assessed the case under the familiar five-step sequential analysis. He determined that Plaintiff retained the residual functional capacity ("RFC") to perform unskilled light work activity. That RFC did not permit Plaintiff to perform her past skilled work, but the Medical Vocational Guidelines directed a determination at step five that Plaintiff was not disabled because there were a significant number of other jobs in the economy that she could perform with her RFC and other vocational factors.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the

standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

Plaintiff raises a single issue on appeal. She complains that the record established that she had a mental (non-exertional) impairment of a degree that would make it inappropriate for the ALJ to rely on the Guidelines at step five. At step two of the analysis, deciding whether a claimant suffers from a severe impairment, the Fifth Circuit holds that the impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985). Plaintiff invokes that standard, but a finding of a severe mental impairment at step two does not necessarily preclude use of the Guidelines. The impairment must also have a significant effect on the claimant's RFC to render use of the Guidelines inappropriate. Guillory v. Barnhart, 129 Fed. Appx. 873 (5th Cir. 2005).

Plaintiff has never been hospitalized for any emotional or psychological problems. She did report during a visit in June 2005 that she was experiencing fogginess, dizziness and crying spells, that she was "nervous all the time" and was having difficulty with social and personal relationships. She was issued medication, including Lexapro and Celebrex. Tr. 304-05.

Perry Hill, Ph.D, a licensed psychologist, conducted a consultative examination of Plaintiff in September 2005. Plaintiff reported that she had experienced episodes of depression "off and on" since age 13. When she is depressed, her appetite usually decreases (but her weight does not diminish) and her sleep increases. She experiences loss of interest in normal activities and feels unmotivated. Plaintiff reported that the episodes would last one week or more, but she could go "a number of months between episodes." Plaintiff complained of non-specific anxiousness but described no other symptoms of panic attacks. Plaintiff said she received some counseling for about six months when she was in her early twenties (Plaintiff was then 40) for anxiety and depression, but she denied any other psycho-social treatments.

Plaintiff was polite and sociable during the evaluation, and she was cooperative. Dr. Hill described her mood as "mildly depressed" and he noted that she became tearful at one point when discussing the personal and emotional impact of losing her job, but she regained her composure "in a very short period of time." Plaintiff's attention, concentration and persistence were good, and she demonstrated average intellectual functioning.

Dr. Hill's diagnostic impression included pain disorder and major depressive disorder-recurrent. In his summary regarding the effect of the impairments, Dr. Hill noted that Plaintiff had reported "an intermittent history of depressive episodes" that have a negative effect on her interest and motivation for daily activities "when depressed." Dr. Hill opined that any other impairments in daily activities were probably attributable to medical or health

problems. He noted in another part of his report that, "functioning is unaffected when not depressed." Tr. 331-36.

Plaintiff argues that the ALJ should have made a finding that Plaintiff had a mental impairment that significantly affected her RFC to perform unskilled light work activity. This court's standard of review of that issue aks (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

The ALJ conducted a thorough discussion of Dr. Hill's report and all other evidence relevant to a possible mental impairment. It is part of the ALJ's role to decide what weight to afford various medical reports and other evidence. Johnson v. Bowen, 864 F.2d 340, 347 (5th Cir. 1988). A reasonable person might have interpreted the evidence as supporting a finding of a mental impairment to a degree that the Guidelines could not be employed at step five. On the other hand, a reasonable person could note that Plaintiff exhibited no mental impairment for months at a time and only limited impairments during the infrequent bouts of depression. Considering that Plaintiff is expected to perform only unskilled light work,

a reasonable mind could make credible evidentiary choices and accept the evidence of record as adequate to support a conclusion that Plaintiff did not have a significant mental impairment for purposes of step five. There is, therefore, substantial evidence to support the ALJ's decision, and a judgment will be entered affirming the Commissioner's decision.

  THUS DONE AND SIGNED at Shreveport, Louisiana, this 1st day of February, 2008.

                      _____
                      MARK L. HORNSBY
                    UNITED STATES MAGISTRATE JUDGE